UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES EDWARD BOYLE, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 13-5717**

**KATHY KLIEBERT, ET AL.**                        **SECTION "B"(4)**

ORDER AND REASONS

Considering Plaintiffs' foregoing "Motion to Vacate, Alter, or Amend Judgment" (Rec. Doc. 33) and Defendant's Opposition thereto (Rec. Doc. 34),

**IT IS ORDERED** that the Motion is **DENIED**.

This case has been before the Court in one procedural form or another on multiple occasions and the facts will not be set forth here with any particularity. (See Rec. Doc. 31). On September 10, 2014, this Court issued and Order and Reasons (Rec. Doc. 31) dismissing Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* On the same date, the Court entered judgment in favor of Defendant and against Plaintiffs. (Rec. Doc. 32).

The grounds for the Court's dismissal of Plaintiffs' claims in the Order of September 10, 2014, were as follows:

(1) Suits for monetary relief against Defendant Kathy Kliebert, Secretary of the Louisiana Department of Health and Hospitals, in her official capacity, are prohibited

    under the Eleventh Amendment and are not authorized under 28 U.S.C. § 1983;

(2) Plaintiffs lack standing to bring suit for injunctive relief against Defendant because the record reflects they are no longer domiciled in Louisiana; and,

(3) Plaintiffs' § 1983 claims are prescribed, because they were put on notice of their injury when Medicaid failed to respond to their claims within the one-year period prescribed by statute (which amounted to a denial)[1] and failed to file suit within one year of the lapse of that deadline, as required by the Louisiana prescriptive period for personal injuries, made applicable under § 1983 precedent.

In their new motion to reopen the case, Plaintiffs do little but re-assert their prior arguments. This is inappropriate in the context of a motion brought pursuant to Fed. R. Civ. P 59(e). *See First Guaranty Bank v. Bancinsure, Inc.*, 22007 WL 1558652 (E.D. La. May 30, 2007). The remedy afforded under Rule 59 is extraordinary and should only be used sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

---

[1] Without re-hashing the Court's prior analysis, it is noted that Plaintiffs effectively concede this point in their Complaint. *See* (Rec. Doc. 1 at 5) ("Medicaid's failure to process D.B.'s claims is effectively a denial of services, and also a denial of D.B.'s due process rights to a fair hearing to challenge the denial.").

The sole ostensibly novel argument raised in Plaintiffs' motion is that the Court misconstrued the various claims they filed with Medicaid by treating them as requests to reconsider prior denials, rather than treating them each as separate claims from which individual prescriptive periods would run. This is contrary to Plaintiffs' admission, *supra*, that Medicaid's failure to process claims within the statutory period amounted to denial of those claims. Further, Plaintiffs' allegations of a continuing violation are contrary to applicable case law. *See Berry v. Allstate Ins. Co.*, 84 F. App'x 442, 444-45 (5th Cir. 2004); *Russell v. Bd. of Trs. Of Firemen*, 968 F.2d 489, 493-94 (5th Cir. 1992)(denial of benefits is a one-time event and does not give rise to the continuing violation doctrine). Finally, and most importantly, even if the Court were to entertain Plaintiffs' theory relating to separately-running prescriptive periods from the date of each request to Medicaid, this would have no impact on Plaintiffs' preclusion from monetary damages under the Eleventh Amendment, nor would it change the fact that they have no standing to seek injunctive relief.

The Court is not blind to the apparently harsh result called for under applicable law, nor is the Court unable to sympathize with Plaintiffs herein. Nevertheless, they have shown no entitlement to the relief requested.

Accordingly,

**IT IS ORDERED THAT** Plaintiffs' Motion is **DENIED**.

New Orleans, Louisiana, this 14th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE